# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Gregory T. Colbert, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 05-0430-CV-W-JTM |
| Steve Roling, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the motion of the defendants[1] to dismiss the above-referenced action filed by plaintiff Gregory T. Colbert ("Colbert") for lack of jurisdiction and/or judgment on the pleadings. For the reasons set out below, the Court dismisses this case pursuant to FED. R. CIV. P. 12(b)(1).

Colbert brings his action primarily under the auspices of 42 U.S.C. § 1983. In his lawsuit, Colbert alleges that the named defendants have taken actions depriving him of his rights under Title IV-D of the Social Security Act, 42 U.S.C. §§ 651, *et seq.*[2] Specifically, Colbert contends that the defendants issued administrative orders to withhold income from Colbert's wages in order to collect child support payments. According to Colbert, the defendants issued

---

[1] The named defendants, Steve Roling, Gary Bailey, and Cindy Leach, apparently are officials employed with the Missouri Department of Child Support Enforcement.

[2] Subchapter IV of the Social Security Act deals with "Grants to states for aid and services to needy families with children and for child-welfare services." Part D of the subchapter specifically relates to "child support and establishment of paternity."

these orders in violation of state law, MO. REV. STAT. § 454.476, and in violation of state administrative regulation, MO. CODE REGS. ANN. tit. 30, § 4.010(3). As succinctly stated by Colbert, in his COMPLAINT, he alleges that the defendants issued their orders "in violation of and in total disregard of the Missouri statutory procedures and requirements." PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, at 5 [Doc. 14].

In order to pursue an action under section 1983, Colbert must establish that a federal statute grants him individual rights which may be enforced in a private civil action. To that end, with regard to Title IV-D of the Social Security Act, Colbert must show:

(1) Congress intended that a provision benefit him,

(2) the right asserted is not so vague and amorphous that enforcing it would strain judicial competence,

(3) the subject provision unambiguously imposes a binding obligation on the states, and

(4) the right asserted must also be a federal right.

*Blessing v. Firestone*, 520 U.S. 329, 340-41, 117 S.Ct. 1353, 1359-60 (1997); *Walters v. Weiss*, 392 F.3d 306, 312-13 (8th Cir. 2004).

The Supreme Court's decision in *Blessing* is instructive. In *Blessing*, several mothers pursued a section 1983 against the Arizona state agency charged with obtaining child support payments from delinquent fathers. The mothers in *Blessing*, like Colbert herein, charged that the actions of the state officials "violated their federal rights under Title IV-D" of the Social Security Act. *Blessing*, 520 U.S. at 337, 117 S.Ct. at 1358. In pursuing such a claim under section 1983, the Court noted that:

2

> It was incumbent upon [the mothers] to identify with particularity the rights they claimed, since it is impossible to determine whether Title IV-D, as an undifferentiated whole, gives rise to undefined "rights."

*Id.* at 342, 117 S.Ct. at 1360.

Bearing in mind this admonition of the Supreme Court, this Court has carefully reviewed Colbert's COMPLAINT as well his subsequent pleadings. After such review, the Court must conclude that Colbert has not identified with particularity any federal right under Title IV-D (or elsewhere) to support his section 1983 cause of action. The only specific rights that have been clearly identified by Colbert are rights that exist, if at all, under state law and state regulations. To that end, it is well-settled that "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Collins v. Bellinghausen*,153 F.3d 591, 596 (9th Cir. 1998) (*quoting Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir.1993)). Based on the information before the Court, there is no clearly identified federal right necessary to support a viable section 1983 claim. Accordingly, the Court concludes that the defendants are entitled to a judgment on the pleadings.

In addition, Colbert asserts a private cause of action for the supposed violation of 15 U.S.C. § 1673 (the federal statute placing restrictions on garnishments). In *McCabe v. City of Eureka*, 664 F.2d 680, 681-82 (8th Cir. 1981), the Eighth Circuit concluded that Congress did not intend to create a private right of action in adopting the Consumer Credit Protection Act (which includes 15 U.S.C. § 1673). Relying on *McCabe* (and other cases), several district courts have specifically concluded that there is no private right of action for an alleged violation of 15 U.S.C. § 1673. *See*, *e.g.*, *Williams v. M.R.C. Polymers*, 2000 WL 1466574, at *2 (N.D. Ill. Sept. 29, 2000); *Follette v. Vitanza*, 658 F.Supp. 492, 500, *vacated in part*, 671 F.Supp. 1362

3

(N.D.N.Y.1987) ("by entrusting the enforcement of the provisions of Subchapter II [of the Consumer Credit Protection Act] to the Secretary of Labor, Congress intended to foreclose private enforcement of 15 U.S.C. § 1673 through a civil suit."). The Court agrees with the reasoning of those courts. Moreover, as noted by one court:

> If there is no implied private cause of action for a violation of 15 U.S.C. § 1673, it is also only logical that there can be no section 1983 action for violation of 15 U.S.C. § 1673.

*Johnson v. City Trail Creek*, 771 F.Supp. 271, 274 (N.D. Ind. 1991).

For the foregoing reasons, it is

**ORDERED** that the DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND/OR FOR JUDGMENT ON THE PLEADINGS [Doc. 26] is **GRANTED**.

                    */s/ John T. Maughmer*
                    **John T. Maughmer**
                    **Chief United States Magistrate Judge**